Ruben Rios SALINAS, Petitioner

v.

Honorable Gary D. PAYNE, Chief
Judge, Fayette Circuit Court,
Respondent

and

Commonwealth of Kentucky,
Real Party in Interest.

No. 2005–SC–0334–OA.

Supreme Court of Kentucky.

Aug. 16, 2005.

## OPINION AND ORDER

Petitioner, Ruben Rios Salinas, petitions this Court for a writ prohibiting the Honorable Gary D. Payne from submitting the death penalty as a possible punishment at

his retrial, scheduled to begin August 25, 2005, in the Fayette Circuit Court. For the reasons set forth herein, we deny Salinas's petition.

In December 1999, Salinas was convicted in the Fayette Circuit Court of capital kidnapping and murder, for which he received sentences of life without the possibility of parole and life imprisonment, respectively. In 2002, Salinas's convictions were overturned by this Court, in part, because the jury had not been properly instructed in the penalty phase on the capital kidnapping charge. *Salinas v. Commonwealth*, 84 S.W.3d 913 (Ky.2002), *cert. denied*, 538 U.S. 930, 123 S.Ct. 1585, 155 L.Ed.2d 326 (2003). With respect to that error, we held:

> [T]he murder of the victim of a kidnapping is an aggravating circumstance authorizing capital punishment for the kidnapping conviction. (Citations omitted). Here, the guilt phase instruction on capital kidnapping properly required the jury to find as an element of that offense that the victim was not released alive. KRS 509.040(2). That is the element that enhances kidnapping from a Class B felony to a capital offense. However, the penalty phase instruction identified that same fact as the aggravating circumstance authorizing capital punishment[.]
>
> . . . .
>
> As stated above, the fact "that the victim was not released alive" is the element that enhances kidnapping from a Class B felony to a capital offense. However, that fact is not an aggravating circumstance necessary to authorize imposition of capital punishment under KRS 532.025(2). Although there was sufficient evidence for the jury to find the aggravating circumstance of murder committed during the course of the kidnapping, the instruction did not require

that finding, and the verdict did not include that finding.

*Id.* at 919–20.

In other words, the *death* of the victim, while sufficient to enhance the charge to capital kidnapping, is insufficient to warrant capital punishment. Rather, the jury had to find that Salinas *murdered* the victim during the course of the kidnapping. In fact, the jury did find Salinas guilty of murder. Nonetheless, the penalty phase kidnapping instruction failed to state the required aggravator.

After the Commonwealth announced its intention to again seek the death penalty on retrial, Salinas filed a motion in the circuit court to preclude such penalty, arguing that double jeopardy principles barred the imposition of death. Citing this Court's decision in *Commonwealth v. Eldred*, 973 S.W.2d 43 (Ky.1998), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 551 (1999), the trial court denied the motion. Salinas thereafter filed the instant petition.

 As acknowledged by the Commonwealth, this Court recently noted that double jeopardy is an appropriate subject for a writ of prohibition. *St. Clair v. Roark*, 10 S.W.3d 482, 485 (Ky.2000):

> The court in which the petition is filed may, in its discretion, address the merits of the issue within the context of the petition for the writ, or may decline to do so on grounds that there is an adequate remedy by appeal. Neither approach is mandatory and the exercise of discretion may well depend on the significance of the issue as framed by the facts of the particular case.

As the issue is well-framed by the facts in this case, we deem it appropriate to address it now rather than delay resolution until a possible appeal.

In *Commonwealth v. Eldred*, this Court held that the Commonwealth was not precluded from seeking the death penalty on retrial if, in the original sentencing phase, the jury had indicated in writing the finding of an aggravating circumstance beyond a reasonable doubt, even though it did not choose to impose the death penalty. *Id.* Although recognizing the implied acquittal exception under which a defendant convicted of a lesser-degree offense cannot be convicted on retrial of a higher-degree offense, *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), the *Eldred* opinion noted that such exception is a poor fit with Kentucky's capital sentencing procedure:

> Taken to its extreme, the implied acquittal theory results in any sentence being an implied acquittal of any higher sentence. . . . We reject any such outcome out of hand. Thus, had Eldred's jury returned a recommendation of 20 years' imprisonment, this recommendation would not have been an implied acquittal of a term of years greater than 20 or an implied acquittal of life. Nor would it have been an implied acquittal of Life–25, even though a sentence of Life–25, like the death penalty, requires a written finding of the existence of at least one aggravating factor beyond a reasonable doubt.

*Id.* at 48.

Further, as *Eldred* explains, the only relevant difference between the penalty phase in a bifurcated felony trial versus a capital case is that a jury may not consider death, life without parole, or life–25 unless the Commonwealth meets its burden of proving one or more aggravating circumstances beyond a reasonable doubt. After the Commonwealth has met that burden, the issue in both penalty phases is the same: "What punishment is appropriate for the particular defendant? The differ-

ence in the gravity of the offense committed in a capital case and the gravity of the corresponding possible punishment does not in this case create a constitutional distinction." *Id.*

Salinas's reliance on *Arizona v. Rumsey*, 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) and *Poland v. Arizona*, 476 U.S. 147, 106 S.Ct. 1749, 90 L.Ed.2d 123 (1986) is misplaced. Although the Supreme Court held in *Rumsey* that an error of law resulting in the trial judge's failure to find an aggravating circumstance was the equivalent of an acquittal of the death penalty, the Court was also clear that the trial judge's findings were that the state had failed to prove the *existence* of any aggravating circumstances. *Id.* at 211, 104 S.Ct. at 2310 (*citing Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981)). Here, the jury found Salinas guilty of capital kidnapping and guilty of murder. The penalty phase instruction was erroneous in failing to include the necessary language of murder in the course of a kidnapping. Notwithstanding, even our opinion noted that there was sufficient evidence for the jury to find the aggravating circumstance of murder committed in the course of kidnapping. *Salinas*, 84 S.W.3d at 920.

Salinas similarly misconstrues the holding in *Poland* as standing for the proposition that a defendant may only be subjected to death on retrial if the jury determined that death was the appropriate penalty during the first trial. In fact, the *Poland* Court held that although there was insufficient evidence to support the aggravating circumstance underlying Poland's death sentence, there was evidence in the record to support another aggravating circumstance which the fact finder had erroneously rejected. *Poland*, 476 U.S. at 156–57, 106 S.Ct. at 1756. "It is true that the sentencer

must find *some* aggravating circumstance before the death penalty may be imposed, and that the sentencer's finding, albeit erroneous, that no aggravating circumstance is present is an 'acquittal' barring a second death sentence proceeding." *Id.* (*citing Rumsey, id.*). Unlike the decisions cited by Salinas, neither the jury nor this Court on review ever made a determination that the Commonwealth failed to prove the existence of an aggravating circumstance.

Salinas further argues that even if we hold that *Eldred* governs this case, it should be overruled in light of recent United States Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); and *Sattazahn v. Pennsylvania*, 537 U.S. 101, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003). We disagree.

In *Apprendi*, the Supreme Court held that any fact that enhances a defendant's penalty, other than a prior conviction, beyond the otherwise applicable statutory maximum is deemed to be an element of the offense and must be found by the jury to exist beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. at 2363. A year later, in *Ring v. Arizona*, the *Apprendi* decision was extended to death penalty cases. *Id.* In *Ring* the Court stated that the jury, rather than the trial court, must make specific findings regarding the existence of an aggravating circumstance before the death penalty may be imposed. 536 U.S. at 589, 122 S.Ct. at 2432. Finally, most recently in *Sattazahn*, the Court noted that the crucial inquiry in determining whether a defendant is subject to the death penalty on retrial when the first jury did not impose death, is whether the jury made findings of fact in the first trial that "constituted an 'acquittal' of the aggravating circumstances." 537 U.S. at 109, 123

S.Ct. at 738. The *Sattazahn* Court concluded that since the jury had deadlocked without reaching a decision regarding aggravating circumstances (and the trial court thereafter imposed a life sentence), Sattazahn was not "acquitted" for double jeopardy purposes and, as such, the state could seek the death penalty upon retrial. *Id.*

■ We are of the opinion that the succession of United States Supreme Court cases since our decision in *Eldred* does not change the effect of its holding. An "implied acquittal" of the death penalty occurs only where the jury or reviewing court affirmatively finds that the Commonwealth has failed to prove the *existence* of an aggravating circumstance. If the jury has found that evidence of an aggravating circumstance was proven beyond a reasonable doubt, but nonetheless imposes a sentence of less than death, the Commonwealth simply cannot be precluded on double jeopardy grounds from seeking the full range of penalties, including death, on retrial.

■ The jury herein found beyond a reasonable doubt that Salinas was guilty of capital kidnapping and murder. And as previously stated, we held that there was sufficient evidence for the jury to find the aggravating circumstance of murder committed during the course of kidnapping, despite the fact that the penalty instruction did not require such finding. As a result, the Commonwealth is entitled to seek the full range of penalties, including death, at Salinas's retrial. "If the evidence is the same . . ., the jury shall be instructed to the effect that capital punishment cannot be imposed absent a finding that [Salinas] murdered [the victim] during the course of the kidnapping." *Salinas*, 84 S.W.3d at 920.

Accordingly, for the foregoing reasons, Ruben Rios Salinas's petition for a writ of prohibition is hereby denied.

All concur.

Entered: August 16, 2005.

/s/ Joseph E. Lambert
 Chief Justice